MRS. JETTIE C. RITCHIE v. ATLANTIC GREYHOUND CORPORATION
AND POWELL HODGE.

(Filed 26 November, 1941.)

APPEAL by plaintiff from *Hamilton, Special Judge,* at 31 March, 1941,
Extra Term, of MECKLENBURG.

Civil action to recover for personal injury.

Plaintiff in her complaint alleges that, while as a passenger in the act
of boarding a bus of corporate defendant for transportation to Charlotte,
she was injured as the proximate result of the negligence of defendants
in closing the door of the bus. Defendants in answer filed deny the
material allegations of the complaint, and plead contributory negligence
of plaintiff.

In the trial court the case was submitted to the jury upon issues as to
negligence, contributory negligence, and damages. The jury for its
verdict answered the issue as to negligence of defendants in the negative.
From judgment thereon in favor of defendants, plaintiff appeals to
Supreme Court and assigns error.

*T. L. Kirkpatrick, Fred D. Caldwell, and Louis J. Hunter for plaintiff, appellant.*
*Robinson & Jones for defendant, appellee.*

PER CURIAM. Careful consideration of exceptive assignments brought
forward in brief of plaintiff fails to reveal error. Hence, the judgment
below is
Affirmed.

LEROY HAYES v. BRIDGER CORPORATION AND BANK OF
BLADENBORO.

(Filed 10 December, 1941.)

APPEAL by plaintiff from *Hamilton, Special Judge,* at April Term,
1941, of BLADEN.

Civil action to recover for alleged rents and profits from, and waste
committed upon certain lands mortgaged by plaintiff and his wife to
defendant Bridger Corporation, and by it foreclosed.

The record on appeal discloses these pertinent facts: On 19 April,
1938, referee, who was appointed by order of reference entered at Janu-
ary Term, 1936, filed report, setting out specific findings of fact and con-
clusions of law, to which plaintiff filed exceptions.

At April Term, 1939, Hamilton, Special Judge, presiding, finding the facts to be as found by the referee, and concluding (a) that plaintiff is not entitled to jury trial upon exceptions filed, (b) that there was no fraud in any of the transactions of which plaintiff complains, (c) that plaintiff is entitled to recover nothing of defendants, and (d) that defendant corporation is entitled to recover nothing of the plaintiff, signed judgment accordingly, from which plaintiff gave notice of appeal to Supreme Court, but did not perfect his appeal, and same was docketed and dismissed under Rule 17 of Rules of Practice in Supreme Court. (213 N. C., 808.)

Plaintiff filed motion to set aside said judgment entered at April Term, 1939, as "irregular, null and void" in that Hamilton, Special Judge, after that term of court had adjourned and while at Morehead City, North Carolina, out of the district, by letter to the clerk, undertook to withhold the entry of said judgment. This motion was heard at April Term, 1941, before Hamilton, Special Judge, again presiding, who "upon consideration of the record, the evidence taken before the referee . . . and the exceptions thereto filed by the plaintiff, and the motion of the plaintiff to set aside the judgment," held "that the judgment . . . was and is correct and proper," and thereupon denied and dismissed motion of plaintiff.

Plaintiff appeals therefrom to Supreme Court and assigns error.

*A. M. Moore for plaintiff, appellant.*
*Varser, McIntyre & Henry for defendants, appellees.*

PER CURIAM. Careful perusal of the record fails to show error in the judgment from which appeal is taken. The rules of practice in such case are too well settled to make repetition here necessary.

Affirmed.

STATE v. C. E. McDANIELS.

(Filed 10 December, 1941.)

APPEAL by defendant from *Burney, J.,* at May Criminal Term, 1941, of ROBESON. No error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*F. D. Hackett for defendant, appellant.*